# Supreme Court of Texas

No. 23-0965

In the Interest of N.L.S. and E.J.C. a/k/a E.J.C., Children

On Petition for Review from the
Court of Appeals for the First District of Texas

CHIEF JUSTICE BLACKLOCK, joined by Justice Devine and Justice Sullivan, dissenting.

There was a time at this Court when "involuntary termination statutes" were "strictly construed in favor of the parent." *Holick v. Smith*, 685 S.W.2d 18, 20 (Tex. 1985). I hope that time has not passed.

Once again, there is nothing "strict" about "[t]he Court's expansive approach to the pivotal statutory word 'endangered.'" *In re R.R.A.*, 687 S.W.3d 269, 283–84 (Tex. 2024) (Blacklock, J., dissenting). Once again, "it rings hollow to continue to say that mere imprisonment will not, standing alone, constitute engaging in conduct which endangers the emotional or physical well-being of a child." *In re J.F.-G.*, 627 S.W.3d 304, 323 (Tex. 2021) (Blacklock, J., dissenting) (internal quotations omitted). Once again, "[u]nlike the majority, I have no quarrel with the court of appeals' eminently reasonable decision to

reverse the termination of this father's rights." *In re R.R.A.*, 687 S.W.3d at 282. And once again,

> Even if the court of appeals did not perfectly apply this Court's questionable precedent on child endangerment, we should nevertheless have denied this petition. It is not important to the jurisprudence of Texas that we reinstate the termination of this father's rights. There are many, too many, problems with our child welfare system. An overabundance of successful appeals by parents whose rights have been terminated is not among those problems. . . . Leaving the court of appeals' judgment alone would not have left th[is] child[ ] uncared-for, and it would not have prevented the government from continuing to monitor [his] welfare. We should have let the court of appeals' decision stand and focused our attention elsewhere.

*Id.* at 284–85.

I respectfully dissent.

James D. Blacklock
Chief Justice

**OPINION FILED:** June 13, 2025

2